# F. CARRERA Y HERMANOS

*v.*

# E. DEL PILAR Y HERMANO.

---

San Juan, Bankruptcy, No. 172.

Bankruptcy—Parties—Petition—Amendment.

> Where a petition in bankruptcy was filed against one firm, the intention being to file it against a different one, and an adjudication and subsequent proceedings were had against the former, the latter firm not having been served or answered, the court will permit the petition to be amended, but will not amend anything subsequent thereto, although it will recall all orders made subsequently to the petition.

Opinion filed June 24, 1916.

---

*Mr. Henry G. Molina* for Yumet & Company.

*Mr. Harry F. Bososa* for other creditors.

Carrera y Hermanos v. Pilar y Hermano.

HAMILTON, Judge, delivered the following opinion: .

I have heard this argument with much interest, and have not stopped counsel even in going beyond the strict issue, because I wanted to get the facts before me. There are no witnesses and no certificate from the referee, so that I have to take the agreement of counsel, as I could gather it from their argument, as a basis.

This presents a very interesting question, and, as far as I know, it has not been decided. The point is this: There seem to have been two brothers who went into business outside of Quebradillas, and that business still goes on. It was not formally instituted as a partnership, but was actually carried on as a partnership. These two brothers associated some one else with them, and became also a regular commercial firm in Quebradillas. The firm outside was Pilar y Hermano. The firm inside Quebradillas is Pilar y Hermano & Company, as I understand it. They not only are made up *pro tanto* of different people, but they recognize each other as different institutions, because the larger firm, the one in Quebradillas, carries a credit on its books in favor of the firm in the country. So that practically there are two concerns, whatever may be the legal standing of them. They are two different things. By some mistake, —each side says it is somewhat the fault of the other, but however that may be, by some mistake,—the firm in Quebradillas, which has the means and owes the debts, was not put into bankruptcy, or, at all events, the papers were not so entitled. The petitioning creditors petition against a concern Pilar y Hermano, which, so far as names go, is the concern out in the country, and not the Quebradillas firm which everybody wants to

Carrera y Hermanos v. Pilar y Hermano.

get at. That was the petition, that was the adjudication and the reference and everything, until on some hearing before the referee it was discovered that a mistake had been made. I will not go back and speak of the Yumet matter, because that does not seem to be germane right now.

Such being the state of the case, the referee very properly refused to go further. He could have certified the matter up, but to save time, apparently, the petitioning creditors themselves have brought the matter here by separate petition. No objection, as I understand it, is made on that score, so I will take the case as presented to me.

1. In the first place, I am asked to amend everything clear back to the petition itself, that is to say, I presume, to permit the petitioning creditors to amend the petition, but for the court to amend everything subsequent. The fact seems to be, from the statements just made, that there are two firms, one in the country and one in town, and, just to make it plain, I will use two different names. Brown is in the country and Smith is in town. Now I am asked to permit an amendment of a petition against Brown because it was intended to be against Smith. Now if it was simply a question of adding the expression "& Company" to Brown, I think probably that could be done, the facts all showing that that was the intention all along. But in point of fact here are two different people, to use the illustration of Brown and Smith, and it looks to me, on the bare face of it, as though it would be going beyond the rules of amendment to permit a complete change of parties or subject matter, one or the other. As stated in its bare form, this would be such a departure as would not come under the law of amendment. That would be the bare statement of the principle.

Carrera y Hermanos v. Pilar y Hermano.

2. In the second place, though, this does not exactly present that case. If you take the petition, which is what the court went on, it seems that this is a petition of certain parties showing that Pilar y Hermano of Quebradillas are not a wage earner, etc., that they have for the greater portion of six months preceding the date of the filing of this petition had their principal place of business at Quebradillas, etc., and everything refers to that particular firm,—so that the mistake or uncertainty is cleared up so far as the petition is concerned. The man that these people want to get hold of was somebody in Quebradillas, and not somebody out in the country, so that it looks to me that the illustration I first used, of Brown and Smith, would not be apposite. The petition seeks to get hold of the concern in Quebradillas, and there is no question on the facts that that concern is Pilar y Hermano & Company, but they by mistake left off the "& Company." So that on the facts of this particular case it looks to me as if we can amend, that there is enough in the papers to show the true intention, to show that it was not intended to bring in the concern in the country. Of course, it is not all perfectly clear. If it was, there would not be any question of amendment at all. I simply have to get from the papers, rather than from the statement of counsel, what the intention was.

I think, then, that I could permit an amendment of the petition. I am asked, though, to go further, and, after considering the petition amended, for the court to consider that the order of reference is amended. I am not quite sure that that could not be done if everybody agreed to it, but here is a creditor, who is on the schedules at least, who does not agree to it; but the most serious question is this: In a bankruptcy proceeding, cer-

Carrera y Hermanos v. Pilar y Hermano.

tainly the bankrupt is a material party. There cannot be any amendment unless the bankrupt agrees to it, that is to say, any amendment of an order of court, unless it is something which the court can do *ex mero motu,* which I do not think is this case. Now who was called in to answer this petition? Who appeared? It was Pilar y Hermano. It was not the company. I can permit the creditors to amend their petition, because I think it is clear whom they intended to get hold of, and I can set aside the order made on that petition so as to allow the proper order to be entered; but I have no way of amending the order now when the right bankrupt, the right respondent, is not in court. He does not consent to the order, and I cannot make the amendment on the order because that particular firm is not before the court, has not been served, at least he has not answered,—so I do not see how I can amend the order of court.

I think there is enough before me to permit the court to do this,—to recall all orders that have been made by the court, and to permit the petitioners to amend their petition and serve the right defendant, or, if there is any consent about it, for the right defendant to come in without more,—but I have no way of amending the answer of the bankrupt himself. So that the most I can do under general order No. 11 is to say that that is what I can do. I do not think I could do any more.

3. In the third place, if this course is pursued, I do not know what would be the advantage in amending this petition over filing a new petition; but supposing this course is pursued, that the petitioners amend their petition, and ten days' time, or whatever it is, is allowed for proper answer, then there is no adjudication in the meantime, and if the parties agree that the custodian, I do not care who he may be, whether he is the

IX. Porto Rico.—4.

Carrera y Hermanos v. Pilar y Hermanó.

marshal of another court, or whether his name is John Smith and he lives on Vieques island,—if they agree that the custodian of this property shall sell the property in any way that they see proper, if that agreement is made before me, I do not see why I could not order the sale. So that it might be that permitting the amendment, the parties in the meantime, before the answer of the defendant, agreeing as to this course, might serve what they want. I do not know whether they agree on that course or not, but let me say in conclusion that what I have said is my view, and is the course that I will take.

I will set aside the adjudication and the order of reference and allow the petitioners to amend their petition, but I will not do that until Monday. If you gentlemen want to think it over and see whether you can agree on anything else, I will be glad to carry it out; but it looks to me on principle as if that is all I can do, and that order will be entered on Monday, unless, meantime you tell me that you prefer some other course.